IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| JOSEPH SPINA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) 8:15cv2155T36TBM |
| v. | ) |
| | ) |
| QUALITY ASSET RECOVERY, LLC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the plaintiff, JOSEPH SPINA, by and through his attorney, THOMAS GIBBONS, ATTORNEY AT LAW, and for his Complaint against the defendant, QUALITY ASSET RECOVERY, LLC., the plaintiff states as follows:

### I.    PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.    JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.    PARTIES

4. JOSEPH SPINA, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Sarasota, County of Sarasota, State of Florida.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to Hillstrom Facial Plastic Surgery (hereinafter, "the Debt").

Page 1 of 7

6. The debt that Plaintiff allegedly owed Hillstrom Facial Plastic Surgery was for an elective medical procedure for Plaintiff.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. QUALITY ASSET RECOVERY, LLC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Florida. Defendant's principal place of business is located in the State of New Jersey. Defendant is registered as a limited liability company in the State of New Jersey.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. <u>ALLEGATIONS</u>

14. In March 2013, Plaintiff underwent elective medical treatment at Hillstrom Facial Plastic Surgery (hereinafter, "HFPS").

15. At or around the time of receiving the medical treatment, Plaintiff received a bill for his treatment.

16. Upon receiving the bill for the aforementioned medical treatment, Plaintiff paid HFPS the total amount of the bill, resulting in a zero balance on his account.

17. Subsequent to tendering payment to HFPS, as delineated above, Plaintiff owed nothing to HFPS.

18. Notwithstanding the fact that Plaintiff's account with HFPS had a zero balance, HFPS inexplicably sent Plaintiff's account to Defendant for the purpose of collection of a putative, but erroneous, outstanding balance.

19. At or around the time that HFPS sent Plaintiff's account to Defendant for collection, Plaintiff was unaware that a putative balance was outstanding.

20. In or around October 2014, Plaintiff applied for a credit card and his application for the credit card was denied.

21. At or around the same timeframe, upon reviewing his credit report, Plaintiff ascertained that Defendant was reporting multiple delinquent trade-lines to at least one of the three (3) major credit reporting agencies, as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. 1681 *et seq.*

22. The delinquent trade-lines were the reason for Plaintiff's credit application being denied.

23. In or around October 2014, Plaintiff contacted Defendant and spoke with one of Defendant's duly authorized representatives.

24. During the course of the aforesaid telephone call between Defendant and Plaintiff, Defendant informed Plaintiff that he owed a balance of approximately $5,800 on the Debt.

25. Plaintiff informed Defendant that he had paid the Debt in full at the time of his treatment and that his payment to HFPS had resulted in a zero balance.

26. Plaintiff informed Defendant that he disputed the Debt.

27. In or around October 2014, Plaintiff contacted HFPS and engaged in a three-way telephone call with representatives from HFPS and Defendant.

28. During the course of the aforementioned three-way telephone conference, HFPS confirmed with Plaintiff and Defendant that Plaintiff had paid his bill with HFPS in full, resulting in zero balance.

29. Notwithstanding the fact that HFPS confirmed with Defendant that Plaintiff had paid his bill with HFPS in full, Defendant has continued to report multiple delinquent trade-lines to one or more credit reporting agency, thus reflecting that Plaintiff has outstanding bills that remain unpaid and delinquent.

30. In addition, notwithstanding the fact that Plaintiff had unequivocally disputed the Debt with Defendant, Defendant has failed to report to the credit reporting agencies that the Debt has been disputed by Plaintiff.

31. In or around April 2015, Defendant started initiating multiple telephone calls to Plaintiff at his place of employment.

32. Each time Defendant has contacted Plaintiff at his place of employment, Plaintiff has informed Defendant that it is inconvenient for him to accept calls of such nature while he is at work.

33. Notwithstanding Plaintiff repeatedly informing Defendant not to contact him at his place of employment, Defendant has continued to do so.

34. On multiple occasions, Defendant has initiated telephone calls to Plaintiff's place of employment and spoken with employees at Plaintiff's place of employment and informed them that it needed to speak with Plaintiff regarding a "business matter of extreme importance."

35. The aforementioned statement by Defendant was false, deceptive and misleading as Defendant was contacting Plaintiff regarding a putative personal debt and had the effect of confusing Plaintiff's colleagues into believing that Defendant was calling regarding a matter related to Plaintiff's business.

36. Defendant has, on multiple occasions, contacted Plaintiff and failed to advise Plaintiff that it was a debt collector, that it was attempting to collect a debt and that any information obtained would be used for that purpose.

37. Defendant's multiple representations that Plaintiff owes the Debt were false, deceptive and misleading given that the Debt had been paid in full and had been acknowledged as having been paid in full by the creditor on the Debt.

38. Defendant's representations, as delineated above, misrepresented the character, nature and amount of the Debt.

39. On multiple occasions, Defendant failed to provide meaningful disclosure of its identity and/or identify the name of the individual placing the call.

40. The repetitive calls made by Defendant to Plaintiff were disturbing, harassing, and had the effect of making Plaintiff feel concerned and suspicious about answering the telephone.

41. In its attempts to collect the debt allegedly owed by Plaintiff to HFPS, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

  a. Communicated with the consumer at an unusual time and place or at a time or place which should be known to be inconvenient to the consumer in violation of 15 U.S.C. § 1692c(a)(1);

  b. Placed a telephone call to a consumer without meaningful disclosure of the caller's identity in violation of 15 U.S.C. §1692d(6);

  c. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

  d. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

  e. Communicated or threatened to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed in violation of 15 U.S.C. §1692e(8);

  f. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

  g. Failed to disclose in communications that said communication was from a debt collector and that any information obtained during the communication will be used for the purpose of collecting a debt in violation of 15 U.S.C. §1692e(11);

  h. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

42. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V. JURY DEMAND

43. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JOSEPH SPINA, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $1,000.00;

    c. Plaintiff's attorneys' fees and costs;

    d. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**JOSEPH SPINA**

By: _____
Thomas Gibbons
Attorney for Plaintiff

Dated: September 9, 2015

Thomas Gibbons (490334)
Thomas Gibbons, Attorney at Law
9723 Tavernier Drive
Boca Raton, FL 33496
Direct Dial: (561) 997-4768
Facsimile: (888) 418-1277
E-Mail: thomasjgibbons@gmail.com