# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

JOSEPH SPINA

     Plaintiff,                                 **Case No.:  8:15-CV-02155**

v.

QUALITY ASSET RECOVERY, LLC

     Defendant.

_____/

## <u>PROPOSED JURY INSTRUCTIONS</u>

COMES NOW, the parties, Plaintiff, Joseph Spina ("Plaintiff" and/or "Spina"), and

Defendant, Quality Asset Recovery, LLC, ("Defendant" and/or "QAR") by and through its

undersigned counsel, pursuant to this Court's Order (DE _____), and hereby files these Proposed

Jury Instructions.

Respectfully submitted by:


  _/s/ David Marco_____          _/s/ Dale Golden_____
David M. Marco                         Dale Golden, Esq.
Florida Bar No.: 125266              Florida Bar No.:
SMITHMARCO, P.C.                GOLDEN SCAZ GAGAIN, PLLC
55 West Monroe Street, Suite 1200     201 North Armenia Avenue
Chicago, IL 60603                    Tampa, Florida 33609-2303
Direct Dial:    (312) 546-6539       Phone: (813) 251-5500
Facsimile:     (888) 418-1277       Fax: (813) 251-3675
dmarco@smithmarco.com          dgolden@gssgfirm.com
Attorney for Defendant             Attorney for Defendant

# TABLE OF CONTENTS

**PRELIMINARY INSTRUCTIONS**

**1.1 General Preliminary Instruction**

**1.4 Jury Questions**

**TRIAL INSTRUCTIONS**

**2.1 Stipulations**

**2.2 Use of Depositions**

**2.4 Interim Statements**

**2.6 Use of Interrogatories**

**2.5 Judicial Notice**

**BASIC INSTRUCTIONS**

**3.1 Introduction**

**3.2.2 Duty to Follow Instructions - Corporate Party Involved**

**3.3 Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court**

**3.4 Credibility of Witnesses**

**3.7.1 Responsibility for Proof - Plaintiff's Claim[s], Cross Claims, Counterclaims - Preponderance of the Evidence**

**3.7.2 Responsibility for Proof - Affirmative Defense Preponderance of the Evidence**

**3.8.1 Duty to Deliberate when only the Plaintiff Claims Damages**

**3.9 Election of Foreperson Explanation of Verdict Form[s]**

**TRIAL INSTRUCTIONS**

**2.8 Civil Allen Charge**

**BASIC INSTRUCTIONS**

**3.5.1 Impeachment of Witnesses because of Inconsistent Statements**

1

**1.1 General Preliminary Instruction**

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

The jury's duty:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply – and you must follow the law even if you disagree with it.

What is evidence:

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence" – simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

What is not evidence:

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did – unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if [he/she] thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court

may receive the exhibit. If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence – this is also called "striking" evidence – and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

Credibility of witnesses:

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

· the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;

· the witness's memory;

· the witness's manner while testifying;

· any interest the witness has in the outcome of the case;

· any bias or prejudice the witness may have;

3

- any other evidence that contradicts the witness's testimony;

- the reasonableness of the witness's testimony in light of all the evidence; and

- any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

Description of the case:

This is a civil case. To help you follow the evidence, I'll summarize the parties' positions. The Plaintiff, Joseph Spina, claims the Defendant, Quality Asset Recovery, LLC, violated the Fair Debt Collection Practices Act relative to its attempts to collect a debt allegedly owed by him. Quality Asset Recovery, LLC denies those claims.

Burden of proof:

Mr. Spina has the burden of proving his case by what the law calls a "preponderance of the evidence." That means Mr. Spina must prove that, in light of all the evidence, what he claims is more likely true than not. So, if you could put the evidence favoring Mr. Spina and the evidence favoring Quality Asset Recovery, LLC on opposite sides of balancing scales, Mr. Spina needs to make the scales tip to his side. If Mr. Spina fails to meet this burden, you must find in favor of Quality Asset Recovery, LLC.

To decide whether any fact has been proved by a preponderance of the evidence, you may – unless I instruct you otherwise – consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

On certain issues, called "affirmative defenses," Quality Asset Recovery, LLC has the burden of proving the elements of a defense by a preponderance of the evidence. I'll instruct you on the facts Quality Asset Recovery LLC, must prove for any affirmative defense. After considering all the evidence, if you decide that Quality Asset Recovery LLC, has successfully proven that the required facts are more likely true than not, the affirmative defense is proved.

Conduct of the jury:

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything – all the evidence, the lawyers' closing arguments, and my instructions on the law – before you begin

5

deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means. This includes e-mails, text messages, and the Internet, including social-networking websites such as Facebook, MySpace, and Twitter.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair – no one else is so qualified.

<u>Taking notes</u>:

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

Course of the trial:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, Mr. Spina will present his witnesses and ask them questions. After Mr. Spina questions the witness, Quality Asset Recovery, LLC may ask the witness questions – this is called "cross-examining" the witness. Then Quality Asset Recovery, LLC will present its witnesses, and Mr. Spina may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

You'll then go to the jury room to deliberate.

**1.4 Jury Questions**

During this trial, you may submit questions to a witness after the lawyers have finished their own questioning. Here is how the procedure works: After each witness has testified, and the lawyers have asked all of their questions, I'll ask if any of you have questions. If you have a question, write it down and give it to the court staff.

You may submit a question for a witness only to clarify an answer or to help you understand the evidence. Our experience with juror questions indicates that jurors rarely have more than a few questions for any one witness, and there may be no questions at all for some witnesses.

If you submit a question, the court staff will give it to me and I'll share your questions with the lawyers in the case. If the rules of evidence allow your question, one of the lawyers or I will read your question to the witness. I may modify the form or phrasing of a question so that it's allowed under the evidence rules. Sometimes, I may not allow the questions to be read to the witness, either because the law does not allow it or because another witness is in a better position to answer the question. If I can't allow the witness to answer a question, you must not draw any conclusions from that fact or speculate on what the answer might have been.

1

Here are several important things to keep in mind about your questions for the witnesses:

· First, you must submit all questions in writing. Please don't ask any questions aloud.

· Second, the court can't re-call witnesses to the stand for additional juror questions. If you have a question for a particular witness, you must submit it when I ask.

· Finally, because you should remain neutral and open-minded throughout the trial, you should phrase your questions in a way that doesn't express an opinion about the case or a witness. You must keep an open mind until you've heard all the evidence, the closing arguments, and my final instructions on the law.

**1.5 Interim Statements**

At times during the trial, the lawyers will address you. You'll soon hear the lawyers' opening statements, and at the trial's conclusion you'll hear their closing arguments. Sometimes the lawyers may choose to make short statements to you, either to preview upcoming evidence or to summarize and highlight evidence they just presented. These statements and arguments are the lawyers' views of the evidence or of what they anticipate the evidence will be. They are not evidence themselves.

**2.1 Stipulations**

Sometimes the parties have agreed that certain facts are true. This agreement is called a stipulation. You must treat these facts as proved for this case.

**2.2 Use of Depositions**

A deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

The deposition of [name of witness], taken on [date], [is about to be/has been] presented to you [by reading the transcript]. Deposition testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court.

[Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.]

**2.4 Interim Statements**

At the beginning of the trial, I told you that the lawyers might make short statements previewing upcoming evidence or summarizing and highlighting evidence that they have already presented before. Right now, [Mr./Ms.] [<u>name of attorney</u>] is going to make a short statement. Please remember that the statement you are about to hear – like all statements by the lawyers – is [Mr./Ms.] [<u>name of attorney</u>]'s view of the evidence or of what [he/she] anticipates the evidence will be, but isn't itself evidence.

**2.6 Use of Interrogatories**

[You'll now hear/You've heard] answers that Quality Asset Recovery, LLC gave in response to written questions the other side submitted. The questions are called "interrogatories." Before the trial, Quality Asset Recovery, LLC gave the answers in writing while under oath.

You must consider Quality Asset Recovery, LLC's answers to as though Quality Asset Recovery, LLC gave the answers on the witness stand.

1

**2.5 Judicial Notice**

The rules of evidence allow me to accept facts that no one can reasonably dispute. The law calls this "judicial notice." I've accepted [state the fact that the court has judicially noticed] as proved even though no one introduced evidence to prove it. You must accept it as true for this case.

1

**3.1 Introduction**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | | |
|---|---|---|
| **JOSEPH SPINA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **8:15-cv-02155-TBM** |
| | ) | |
| **v.** | ) | |
| | ) | **Magistrate Judge McCoun** |
| **QUALITY ASSET RECOVERY, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COURT'S INSTRUCTIONS TO THE JURY

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

1

### 3.2.2 The Duty to Follow Instructions – Corporate Party Involved

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

**3.3 Consideration of Direct and Circumstantial Evidence;**
   **Argument of Counsel; Comments by the Court**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

**3.4 Credibility of Witnesses**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

### 3.7.1 Responsibility for Proof – Plaintiff's Claim[s], Cross Claims, Counterclaims – Preponderance of the Evidence

In this case it is the responsibility of the Plaintiff to prove every essential part of his claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the Plaintiff

When more than one claim is involved, you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiff's claims by a preponderance of the evidence, you should find for the Defendant as to that claim.

### 3.8.1 Duty to Deliberate When Only the Plaintiff Claims Damages

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**3.9 Election of Foreperson Explanation of Verdict Form[s]**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

**2.8 Civil *Allen* Charge**

Members of the jury:

I'm going to ask you to continue your deliberations to reach a verdict. Please consider the following comments.

This is an important case. The trial has been expensive in terms of time, effort, money, and emotional strain to both the plaintiff and the defendant. If you fail to agree on a verdict, the case remains open and may have to be tried again. A second trial would be costly to both sides, and there's no reason to believe either side can try it again better or more exhaustively than they have tried it before you.

Any future jury would be selected in the same manner and from the same source as you. There's no reason to believe that the case could ever be submitted to a jury of people more conscientious, more impartial, or more competent to decide it – or that either side could produce more or clearer evidence.

It's your duty to consult with one another and to deliberate with a view to reaching an agreement – if you can do it without violating your individual judgment. You must not give up your honest beliefs about the evidence's weight or effect solely because of other jurors' opinions or just to return a verdict. You must each decide the case for yourself – but only after you consider the evidence with your fellow jurors.

You shouldn't hesitate to reexamine your own views and change your opinion if you become convinced it's wrong. To bring your minds to a unanimous result, you must openly and frankly examine the questions submitted to you with proper regard for the opinions of others and with a willingness to reexamine your own views.

If a substantial majority of you is for a verdict for one party, each of you who holds a different position ought to consider whether your position is reasonable. It may not be reasonable since it makes so little impression on the minds of your fellow jurors – who bear the same responsibility, serve under the same oath, and have heard the same evidence.

You may conduct your deliberations as you choose, but I suggest that you now carefully reexamine and reconsider all the evidence in light of the court's instructions on the law. You may take all the time that you need.

I remind you that in your deliberations, you are to consider the court's instructions as a whole. You shouldn't single out any part of any instructions including this one, and ignore others.

You may now return to the jury room and continue your deliberations.

2

### 3.5.1 Impeachment of Witnesses Because of Inconsistent Statements

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

JOSEPH SPINA

     Plaintiff,                                 **Case No.:  8:15-CV-02155**

v.

QUALITY ASSET RECOVERY, LLC

     Defendant.

_____/

## PROPOSED JURY INSTRUCTIONS

COMES NOW, the parties, Plaintiff, Joseph Spina ("Plaintiff" and/or "Spina"), and

Defendant, Quality Asset Recovery, LLC, ("Defendant" and/or "QAR") by and through its

undersigned counsel, pursuant to this Court's Order (DE ____), and hereby files these Proposed

Jury Instructions.

Respectfully submitted by:

| | |
|---|---|
| _/s/ David Marco_____ | _/s/ Dale Golden_____ |
| David M. Marco | Dale Golden, Esq. |
| Florida Bar No.: 125266 | Florida Bar No.: |
| SMITHMARCO, P.C. | GOLDEN SCAZ GAGAIN, PLLC |
| 55 West Monroe Street, Suite 1200 | 201 North Armenia Avenue |
| Chicago, IL 60603 | Tampa, Florida 33609-2303 |
| Direct Dial:    (312) 546-6539 | Phone: (813) 251-5500 |
| Facsimile:      (888) 418-1277 | Fax: (813) 251-3675 |
| dmarco@smithmarco.com | dgolden@gssgfirm.com |
| Attorney for Defendant | Attorney for Defendant |

## PROPOSED JURY INSTRUCTIONS

### PROPOSED INSTRUCTION NUMBER 1 –
### THE FAIR DEBT COLLECTION PRACTICES ACT

The Fair Debt Collection Practices Act or "FDCPA" is a federal statute that regulates the manner in which "debt collectors", are permitted to collect, or attempt to collect, certain financial obligations, called "debts" from certain persons, called "consumers."

The FDCPA defines each of these terms; the parties have stipulated that in this case the Defendant is a "debt collector" and was attempting to collect a "debt" from the Plaintiff, who was a "consumer."

Granted           _____

Denied            _____

Modified          _____

Withdrawn         _____

No Objection      _____

Objection         _____


Authority:  15 U.S.C. § 1692a.

## PROPOSED INSTRUCTION NUMBER 2 – ELEMENTS OF
## PLAINTIFF'S FDCPA CLAIM

In order to prevail on his FDCPA claim, Plaintiff is required to prove certain things, called "elements", by a preponderance of the evidence. The elements of Plaintiff's claim are as follows:

1.   Defendant is a "debt collector" as that term is defined by the FDCPA.

2.   Defendant was attempting to collect from Plaintiff a "debt" as the term is defined by the FDCPA.

3.   Plaintiff is a "consumer" as that term is defined by the FDCPA.

4.   Defendant engaged in an act or omission prohibited by the FDCPA.

If you find that the Plaintiff has proven each of these four elements by a preponderance of the evidence, you must find for the Plaintiff. If you find that the Plaintiff has failed to prove any of these four elements by a preponderance of the evidence, you must find for the Defendant.

Granted          _____

Denied          _____

Modified          _____

Withdrawn          _____

No Objection _____

Objection          _____

Authority:  *Pescatrice v. Orovitz*, 539 F. Supp. 2d 1375, 1378 (S.D. Fla. 2008).

**PROPOSED INSTRUCTION NUMBER 17 – 15 U.S.C. § 1692c(a)(1)**

15 U.S.C. § 1692c(a)(1) of the Fair Debt Collection Practices Act provides:

Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt at any unusual time or place or a time or place known or which should be known to be in-convenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location;

Authorities: 15 U.S.C. § 1692c(a)(1).

Granted          _____

Denied           _____

Modified         _____

Withdrawn        _____

No Objection  _____

Objection       _____

**PROPOSED INSTRUCTION NUMBER 18 – 15 U.S.C. § 1692d(6)**

15 U.S.C. § 1692d(6) of the Fair Debt Collection Practices Act provides:

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

Authorities: 15 U.S.C. § 1692d(6).

Granted            _____

Denied             _____

Modified           _____

Withdrawn          _____

No Objection    _____

Objection          _____

**PROPOSED INSTRUCTION NUMBER 19 – 15 U.S.C. § 1692e**

15 U.S.C. § 1692e of the Fair Debt Collection Practices Act provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

Authorities: 15 U.S.C. § 1692e.

Granted            _____

Denied             _____

Modified           _____

Withdrawn          _____

No Objection   _____

Objection          _____

**PROPOSED INSTRUCTION NUMBER 20 – 15 U.S.C. § 1692e(2)(A)**

15 U.S.C. § 1692e(2)(A) of the Fair Debt Collection Practices Act provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: The false representation of the character, amount, or legal status of any debt.

Authorities: 15 U.S.C. § 1692e(2)(A).

Granted          _____

Denied           _____

Modified         _____

Withdrawn        _____

No Objection  _____

Objection        _____

**PROPOSED INSTRUCTION NUMBER 21 – 15 U.S.C. § 1692e(8)**

15 U.S.C. § 1692e(8) of the Fair Debt Collection Practices Act provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

Authorities: 15 U.S.C. § 1692e(8).

Granted          _____

Denied           _____

Modified         _____

Withdrawn        _____

No Objection     _____

Objection        _____

**PROPOSED INSTRUCTION NUMBER 21 – 15 U.S.C. § 1692e(10)**

15 U.S.C. § 1692e(10) of the Fair Debt Collection Practices Act provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

Authorities: 15 U.S.C. § 1692e(10).

Granted        _____

Denied         _____

Modified       _____

Withdrawn      _____

No Objection _____

Objection      _____

**PROPOSED INSTRUCTION NUMBER 21 – 15 U.S.C. § 1692e(11)**

15 U.S.C. § 1692e(11) of the Fair Debt Collection Practices Act provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

Authorities: 15 U.S.C. § 1692e(11).

Granted          _____

Denied           _____

Modified         _____

Withdrawn        _____

No Objection     _____

Objection        _____

**PROPOSED INSTRUCTION NUMBER 22 – 15 U.S.C. § 1692k(c)**

Defendant has asserted that it is entitled to the "bona fide error" defense with respect to each of Plaintiff's claims. That is to say, even if a violation of the FDCPA has been found to have occurred, the Defendant is entitled to a finding in its favor if it can establish the bona fide error defense as to that particular claim.

The bona fide error defense has three elements, each of which Defendant must prove by a preponderance of the evidence. First, Defendant must show that its errors were not intentional. Second, Defendant must show that its errors were bona fide. An error is bona fide only where it was made in good faith and was objectively reasonable. Third, Defendant must show that the errors occurred despite the maintenance of procedures reasonably adapted to avoid any such errors. To do so, Defendant must show that it actually implemented procedures, and that those procedures were reasonably adapted to avoid the specific errors at issue.

Authorities: 15 U.S.C. § 1692k(c); *Edwards v. Niagara Credit Solutions, Inc.,* 584 F.3d 1350, 1354 (11th Cir.2009); *Owen v. I.C. Sys., Inc.,* 629 F.3d 1263, 1274 (11th Cir. 2011).

Granted          _____

Denied           _____

Modified         _____

Withdrawn        _____

No Objection     _____

Objection        _____

**PROPOSED INSTRUCTION NUMBER 23 – FDCPA DAMAGES**

      If you find by a preponderance of the evidence that Plaintiff has prevailed on any one of his FDCPA claims, then you will be asked to award damages to Plaintiff.  Plaintiff is seeking both statutory damages and actual damages.  As to statutory damages, you must choose an amount of damages not to exceed $1,000.  In determining the amount of statutory damages, you should consider the frequency and persistence of noncompliance with the FDCPA by the Defendant, the nature of the noncompliance, and the extent to which such noncompliance was intentional.

Granted          _____

Denied           _____

Modified         _____

Withdrawn        _____

No Objection _____

Objection        _____

Authority:  15 U.S.C. § 1692k.

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

JOSEPH SPINA

      Plaintiff,                                   **Case No.:  8:15-CV-02155**

v.

QUALITY ASSET RECOVERY, LLC

      Defendant.

_____/

## PROPOSED VERDICT FORM

      COMES NOW, the parties and hereby files a Proposed Verdict Form.

Respectfully submitted by:

| | |
|---|---|
| _/s/ David Marco_ | _/s/ Dale Golden_ |
| David M. Marco | Dale Golden, Esq. |
| Florida Bar No.: 125266 | Florida Bar No.: |
| SMITHMARCO, P.C. | GOLDEN SCAZ GAGAIN, PLLC |
| 55 West Monroe Street, Suite 1200 | 201 North Armenia Avenue |
| Chicago, IL 60603 | Tampa, Florida 33609-2303 |
| Direct Dial:    (312) 546-6539 | Phone: (813) 251-5500 |
| Facsimile:      (888) 418-1277 | Fax: (813) 251-3675 |
| dmarco@smithmarco.com | dgolden@gssgfirm.com |
| Attorney for Defendant | Attorney for Defendant |

## PROPOSED VERDICT FORM

We the Jury, return the following verdict:

### Claim #1 - Plaintiff's Claim for violation of 15 U.S.C. § 1692c(a)(1):

Do you find, by a preponderance of the evidence that Defendant, without the prior consent of Plaintiff given directly to Defendant, communicated with Plaintiff in connection with the collection of any debt at any unusual time or place or a time or place known or which should be known to be inconvenient to Plaintiff?

\_\_\_\_ Yes          \_\_\_\_ No

### Claim #2 – Plaintiff's claim under 15 U.S.C. § 1692d(6):

Do you find, by a preponderance of the evidence that Defendant placed telephone calls to Plaintiff without providing meaningful disclosure of its identity?

\_\_\_\_ Yes          \_\_\_\_ No

### Claim #3 – Plaintiff's claim under 15 U.S.C. § 1692e:

Do you find, by a preponderance of the evidence that Defendant used any false, deceptive, or misleading representations or means in connection with the collection of Plaintiff's debt?

\_\_\_\_ Yes          \_\_\_\_ No

### Claim #4 – Plaintiff's claim under 15 U.S.C. § 1692e(2)(A):

Do you find, by a preponderance of the evidence that Defendant used any false representation of the character, amount, or legal status of Plaintiff's debt.

\_\_\_\_ Yes          \_\_\_\_ No

**Claim #5 – Plaintiff's claim under 15 U.S.C. § 1692e(8):**

Do you find, by a preponderance of the evidence that Defendant communicated or threatened to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed?

\_\_\_\_ Yes            \_\_\_\_ No

**Claim #6 – Plaintiff's claim under 15 U.S.C. § 1692e(10)**

Do you find, by a preponderance of the evidence that Defendant used any false representation or deceptive means to collect or attempt to collect Plaintiff's debt or to obtain information concerning the Plaintiff?

\_\_\_\_ Yes            \_\_\_\_ No

**Claim #7 – Plaintiff's claim under 15 U.S.C. § 1692e(11)**

Do you find, by a preponderance of the evidence that Defendant failed to disclose in the initial written communication with the Plaintiff and, in addition, if the initial communication with the Plaintiff is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and failed to disclose in subsequent communications that the communication is from a debt collector?

\_\_\_\_ Yes            \_\_\_\_ No

**If your answer to <u>ALL</u> of the above questions is "NO", your verdict is for the Defendant. Please, have the foreperson sign and date the Verdict Form below and notify the Court that you have reached a verdict.**

**If your answer to <u>ANY</u> of the above questions is "YES", please answer the following question with respect to the above question or questions to which you answered "Yes":**

Do you find, by a preponderance of the evidence, that <u>**ALL**</u> of Defendant's violations were unintentional and the result of a bona fide error notwithstanding Defendant's maintenance of reasonable procedures designed to prevent such errors?

_____ Yes              _____ No

**If your answer to the preceding question is "YES", your verdict is for the Defendant. Please, have the foreperson sign and date the Verdict Form below and notify the Court that you have reached a verdict.**

**If your answer to the preceding question is "NO", you must determine the damages, if any, to be awarded to Plaintiff.**

**The amount of allowable statutory damages not to exceed $1,000.**

Amount of Statutory Damages _____

**You may also award actual damages suffered by the Plaintiff.**

Amount of Actual Damages _____

**SO SAY WE ALL, this _____ day of _____, 2017.**

_____
**FOREPERSON**