**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**JOSEPH SPINA,**

    **Plaintiff,**

**v.**                                                                           **Case No. 8:15-cv-2155-T-TBM**

**QUALITY ASSET RECOVERY, LLC,**

    **Defendant.**
    _____/

**O R D E R**

This Cause is before the Court on **Plaintiff's Amended Petition for Attorneys' Fees Pursuant to the Fair Debt Collection Practices Act** (Doc.74), Defendant's response in opposition (Doc. 77), and Plaintiff's reply (Doc. 81).[1] By this motion, Plaintiff seeks an award of fees totaling $60,065.50, and costs totaling $2,895.89, as the prevailing party in this action. Defendant opposes the amount of fees and costs requested.

**I.**

By way of background, Joseph Spina ("Plaintiff") brought this suit against Quality Asset Recovery, LLC ("QAR" or "Defendant"), pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, in September 2015. (Doc. 1). He alleged that QAR, a debt collector, violated at least eight provisions of the FDCPA in connection with its collection efforts on a debt he did not owe. He sought statutory and compensatory damages, together with fees and costs. (Doc. 1). In November 2016, Defendant filed its Answer and Affirmative Defenses.

---

[1]Plaintiff also filed a Bill of Costs (Doc. 71), to which Defendant responded (Doc. 78).

Defendant denied Plaintiff was entitled to relief under the FDCPA, and affirmatively asserted the Complaint failed to state a cause of action, Plaintiff did not suffer any damages, and even if QAR did violate the FDCPA, the violation resulted from a *bona fide* error notwithstanding the maintenance of procedures reasonably adapted to avoid such error. (Doc. 11).

The parties conducted discovery, participated in minimal motion practice, and engaged in formal mediation and informal settlement discussions without success. The case proceeded to jury trial beginning March 6, 2017. On March 8, 2017, the jury returned a verdict in favor of Plaintiff, finding Defendant violated two provisions of the FDCPA, namely, 15 U.S.C. §§ 1692e(2)(A) and 1692e(8). (Doc. 62). The jury rejected the *bona fide* error defense and awarded Plaintiff $1,000.00 in statutory damages and $1,000.00 in actual damages. *See id.*

After receipt of the verdict (and at the close of the evidence), the Court took under advisement Defendant's motion for judgment as a matter of law as to Plaintiff's claim that QAR violated § 1692e(8). On May 26, 2017, the Court granted the motion for judgment as a matter of law as to that claim. (Doc. 82).

By the instant motion, Plaintiff contends he is entitled to fees and costs as the prevailing party. Plaintiff's counsel itemize 38.5 hours of work by attorney Larry P. Smith at an hourly rate of $450.00; 104.6 hours of work by attorney David M. Marco at an hourly rate of $385.00; 3.6 hours of work by local counsel, Thomas Gibbons, at an hourly rate of $350.00; and 9.3 hours of work by paralegal Nicole Dycha at an hourly rate of $130.00. Additionally, Plaintiff itemizes costs totaling $2,895.89.

## II.

### A.

The FDCPA authorizes the court to award reasonable attorney fees to a plaintiff who brings a "successful action" to enforce his rights under the FDCPA. 15 U.S.C. § 1692k(a)(3). The starting point in determining reasonable attorney fees is the "lodestar," which is calculated by multiplying the hours reasonably expended[2] by a reasonable hourly rate.[3] *Hensley Eckerhart,* 461 U.S. 424, 433 (1983); *Norman v. Hous. Auth. of Montgomery,* 836 F.2d 1292, 1299 (11th Cir. 1988); *see Hollis v. Roberts,* 984 F.2d 1159, 1161 (11th Cir. 1993) (providing that the "lodestar" analysis applies when determining a reasonable attorney's fee under the FDCPA). This amount is then adjusted to reflect the results obtained. *Hensley*, 461 U.S. at 434.

The following factors are considered in determining the reasonableness of fees and whether an adjustment is warranted: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or other circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation,

---

[2] In determining the reasonableness of hours expended, it is appropriate for the court to exclude excessive, redundant, and unnecessary hours; hours which are inadequately documented; and hours which would be unreasonable for an attorney to bill the client or opposing counsel in the exercise of good billing judgment. *See Duckworth v. Wisenant,* 97 F.3d 1393, 1397 (11th Cir. 1996) (citing *Norman,* 836 F.2d at 1301–02).

[3] "[A] reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Duckworth,* 97 F.3d at 1396 (quoting *Norman,* 836 F.2d at 1299).

and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson v. Ga. Highway Express, Inc.,* 488 F.2d 714, 717–19 (5th Cir. 1974).[4] The court must explain the manner in which these factors influence an award of fees. *See In re Celotex Corp.,* 227 F.3d 1336, 1341 (11th Cir. 2000); *NAACP v. City of Evergreen, Ala.,* 812 F.2d 1332, 1336 (11th Cir. 1987) (quoting *King v. McCord,* 621 F.2d 205, 206 (5th Cir. 1980)).

**B.**

It is undisputed that Plaintiff is the prevailing party in this FDCPA action. Accordingly, Plaintiff is entitled to reasonable fees under the FDCPA. *See* 15 U.S.C. § 1692k(a)(3).

Employing the lodestar approach, Plaintiff seeks $60,065 in fees. In support, he provides billing records from Mr. Smith, Mr. Marco, Mr. Gibbons, and Ms. Dycha; a declaration from Janet Varnell; comparative award information; and a consumer law survey on fees. (Doc. 74, Exs. 2-7). Defendant disputes the hourly rates and amount of hours expended.

On thorough consideration of the pleadings and submissions, I am obliged to conclude that some adjustment in the hourly rates and hours expended is warranted.

First, I find that the requested hourly rates for counsel – $450.00 for Smith, $350 for Gibbons, and $385.00 for Marco – should be adjusted downward in light of the matters presented,

---

[4]In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

the *Johnson* factors, and the hourly rates for similar services in this market.[5] While Mr. Smith's hourly rate of $450.00 may be reasonable in the Chicago market, I find the rate excessive in this market for the out-of-court services he performed. Given his experience and the type of services he performed, a reasonable rate in this market generally is between $300.00 and $350.00 an hour. As such, I find it appropriate to adjust his hourly rate in this case to $325.00. As for Mr Gibbons, I find an hourly rate of $325.00 appropriate for the limited out-of-court work he performed in this case. As for Mr. Marco, an hourly rate of $385.00 for work at trial is within the range of reasonable fees in this market. For his out-of-court work, I find $325.00 per hour reasonable. I award him a blended rate of $355.00 per hour.

Next, I find that a reduction of the total hours expended is in order. In light of the limited success achieved by Plaintiff relative to his numerous claims; the non-complex nature of the suit; some inadequately documented work; some evidence of redundant, duplicative, and seemingly unnecessary hours; and hours which I believe would be unreasonable for an attorney to bill the client as well as opposing counsel in the exercise of good billing judgment, I find the hours claimed by Plaintiff's counsel should be reduced by 50%.

Although Plaintiff initially alleged that Defendant violated the FDCPA in multiple ways, the suit was not factually or legally complex. Unable to reach settlement, the parties proceeded to jury trial where Plaintiff prevailed on only two of the eight violations alleged. Ultimately, I found that he prevailed on only one of the alleged violations, i.e., that under § 1692e(10). Thus, his success is best described as limited. The recovery obtained at trial was limited as well. Apart

---

[5]While the hourly rate sought for Ms. Dycha is toward the upper end of the range billed for paralegal services in this market, it is not unreasonable or excessive.

from the statutory damages of $1,000, Plaintiff recovered an additional $1,000 for his inconvenience and aggravation. For reasons addressed in the trial record, he was not permitted any recovery on his alleged economic loss. While counsel deserves a reasonable fee for handling this suit, the outcome compels a reduced amount. *See, e.g.*, *Thornton v. Wolpoff & Abramson, LLP*, 312 F. App'x 161, 164 (11th Cir. 2008) (affirming district court's reduction of lodestar by 85% in FDCPA action where jury awarded only nominal statutory damages and plaintiff had opportunity to obtain reasonable settlement early in litigation); *Weber v. Absolute Collection Serv., Inc.*, No. 3:11-cv-1150-J-34JBT, 2012 WL 4792458, at *2 (M.D. Fla. Aug. 27, 2012), *report and recommendation adopted*, 2012 WL 4792511 (M.D. Fla. Oct. 9, 2012) (reducing lodestar by approximately 45% based on limited amount of damages awarded under FDCPA and lack of success on FCCPA claim); *Valencia v. Affiliated Group, Inc.*, 674 F. Supp. 2d 1300, 1309–11 (S.D. Fla. 2009) (applying across-the-board reduction of 60% to hours expended given plaintiff's limited success in FDCPA case); *Kottle v. Unifund CCR, LLC*, 992 F. Supp. 2d 982, 986 (C.D. Cal. 2014) (reducing requested attorney's fees by 50% in FDCPA action where plaintiff was only partially successful).

Additionally, I find some of Plaintiff's legal work ultimately unnecessary and inappropriate for compensation. For instance, his pursuit of economic damages was rejected by the court at trial essentially for lack of adequate proof. The hours claimed to (under)develop such claim were all for naught and, in my view, not properly billable against Defendant who prevailed in that skirmish. I also find an inordinate number of hours expended on "notes to file" and "review of file." By my tally, counsel billed at least 9.5 hours in 0.1–0.8 hour increments for placing notes in the file. I question the appropriateness of billing these entries or multiple entries

for "review of file" to either the client or the opponent in the exercise of good billing judgment when the purpose or benefit of such is not revealed. As noted by Defendant, there are a number of entries for conferences early on between and among Plaintiff's counsel where all were billing for their services. While some such communications are undoubtedly necessary, I again question the appropriateness of such duplicate billings in the exercise of billing judgment. There is also some evidence of block billing, which is difficult to evaluate on these pleadings.

For these reasons, I award Mr. Smith $6,256.25; Mr. Marco $18,566.50; Mr. Gibbons $585.00; and Ms. Dycha $1,209.00 for a total fee award of **$26,616.75**.

### III.

#### A.

The FDCPA also authorizes the court to award costs to a plaintiff who brings a "successful action" to enforce his rights under the FDCPA. 15 U.S.C. § 1692k(a)(3). Courts in this district limit costs in FDCPA cases to those allowed under 28 U.S.C. § 1920. *See Montgomery v. Fla. First Fin. Group, Inc.,* No. 6:06-cv-1639-Orl-31KRS, 2008 WL 3540374, \* 15 (M.D. Fla. Aug. 12, 2008) (finding that in absence of authority suggesting otherwise, costs in FDCPA cases are limited to those under § 1920). Under § 1920, the following costs may be taxed: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under § 1923; and (6) compensation of court appointed experts and interpreter services. 28 U.S.C. § 1920.

**B.**

As the prevailing party in this FDCPA action, Plaintiff is entitled to costs under the FDCPA. *See* 15 U.S.C. § 1692k(a)(3).

Plaintiff seeks costs totaling $2,895.89. (*See* Docs. 71 and 74). Defendant contends Plaintiff is entitled to only $2,220.89 in costs, arguing that he is not entitled to recoup mediation costs or the *pro hac vice* fee. (Docs. 77 and 78).

On consideration, Defendant's objections are sustained. Mediation costs are not taxable under 28 U.S.C. § 1920. *See Nicholas v. Allianceone Receiveables Mgmt., Inc.*, 450 F. App'x 887, 888 (11th Cir. 2012) (holding that a consumer who prevails in an action brought under the FDCPA may not recover mediation costs because such costs are not taxable under 28 U.S.C. § 1920), *cert. denied*, 568 U.S. 823 (2012). And, while there is no binding authority on whether *pro hac vice* fees are taxable under § 1920, the majority of district courts in this circuit have concluded they are not. *See Blitz Telecom Consulting, LLC v. Peerless Network, Inc.*, No. 614-cv-307-ORL-40-GJK, 2016 WL 7325544, at *7 (M.D. Fla. Aug. 31, 2016) (citing cases), *report and recommendation adopted*, 2016 WL 7446390 (M.D. Fla. Oct. 4, 2016); *Hernandez v. Motorola Mobility, Inc.,* No. 12-60930-CIV, 2013 WL 4773263, at *5 (S.D. Fla. Sept. 4, 2013) (stating that "[a]s other courts have recognized, the *pro hac vice* fee is an expense of counsel, not the client, and is thus not properly recoverable under 28 U.S.C. § 1920 as fees of the clerk").

The other costs requested by Plaintiff, namely, the filing fee, fees for service of the summons and subpoena, costs for documents in response to subpoenas, and costs for depositions and deposition transcripts, are taxable under § 1920. Accordingly, Plaintiff is awarded costs totaling **$2,220.89**.

**IV.**

In conclusion, **Plaintiff's Amended Petition for Attorneys' Fees Pursuant to the Fair Debt Collection Practices Act** (Doc.74) is **GRANTED in part** as set forth herein. Plaintiff is awarded **$26,616.75 in fees** and **$2,220.89 in costs**.

**DONE and ORDERED** at Tampa, Florida, this 14th day of July 2017.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of record